UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANAMARIA CRUCERU,<br><br>Defendant. | No. 2:15-cr-00235-TLN<br><br><br>**ORDER** |

This matter is before the Court on Defendant Anamaria Cruceru's ("Defendant") Motion for Early Release. (ECF No. 383.) The Government filed an opposition. (ECF No. 384.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

On August 18, 2016, Defendant pleaded guilty to conspiracy to commit bribery in violation of 18 U.S.C. § 371. On June 6, 2019, this Court sentenced Defendant to a 12-month and one-day term of imprisonment and a 12-month term of supervised release to follow (unsupervised if deported). Defendant is currently serving her sentence at FDC SeaTac in Seattle, Washington. Her projected release date is July 9, 2020.

/ / /

/ / /

/ / /

1

On April 28, 2020, Defendant filed the instant motion, in which she requests early release from confinement due to the COVID-19 pandemic.[1]  Defendant asserts she is 53 years old and has "some health issues," but it appears her main concern is her limited ability to communicate with her family in Romania due to the lockdown conditions at FDC SeaTac.  In opposition, the Government argues Defendant's motion must be denied because Defendant failed to exhaust administrative remedies before filing her motion and she has failed to demonstrate extraordinary and compelling reasons to warrant her release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

In the instant case, there is no evidence Defendant filed a compassionate release request with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).  Defendant asserts she "addressed" the BOP, but she provides no evidence or information about such a request.  For its part, the Government submits documentation from the BOP showing that no such request has been made.  (ECF No. 384-1 at 8.)  Defendant did not address her failure to exhaust administrative remedies in her motion nor did she file a reply to the Government's opposition on the issue.  Defendant's failure to meet the threshold exhaustion requirement provides grounds to deny her motion without reaching the merits.  *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Meron*, No. 2:18-CR-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020) (declining to excuse Defendant's failure to exhaust administrative remedies in denying a COVID-19 compassionate

/ / /

---

[1] Defendant fails to cite to statutory authority in support of her motion.  Absent any reference to statutory authority, the Court construes Defendant's motion as being brought under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

release motion); *United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (same).

However, Defendant is not entitled to relief even if the Court reaches the merits of her motion. Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met her burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]"). Notably, Defendant does not argue that she has any medical conditions that render her particularly vulnerable to COVID-19, nor does she submit medical records regarding any specific health conditions.[2] Absent any evidence or argument to the contrary, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes her ability to provide self-care within a BOP facility. Moreover, at age 53, Defendant does not satisfy the statute's age-related conditions. It also bears mentioning that as of the date of this Order, there are no confirmed cases

---

[2]  The Government filed Defendant's BOP medical records under seal, which indicate Defendant is taking a daily medication for hypertension and her blood pressure is monitored regularly within the BOP.

of COVID-19 at FDC SeaTac. Defendant's concerns are understandable but do not raise to the level of "extraordinary and compelling" at this time. Indeed, Defendant seems to be more concerned about her ability to communicate with family in Romania than her health.

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant failed to exhaust administrative remedies and did not meet her burden to show there are "extraordinary and compelling reasons" for her release.

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Early Release. (ECF No. 383.)

IT IS SO ORDERED.

DATED: May 12, 2020

Troy L. Nunley
United States District Judge

4